# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00379-PAB-KMT

PROFESSIONAL BULL RIDERS, INC.,
a Colorado corporation,

      Plaintiff,

v.

MURCIELAGO, INC.,
a Nebraska corporation
and
MR. MICHAEL MALCOM,
an individual

      Defendants.

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Professional Bull Riders, Inc. ("PBR") and Defendants Murcielago, Inc. ("Murcielago") and Michael Malcom ("Malcom"), by and through their respective attorneys of record, hereby stipulate to entry of the following Protective Order to govern use and disclosure of confidential information disclosed or produced in this action:

## PROTECTIVE ORDER

The Parties recognize that, during the course of discovery and other proceedings in this action, it may become necessary for them to disclose certain confidential and proprietary information to the other party. All Parties wish to ensure that any such confidential and proprietary information shall not be used for any purpose other than this action, not be made

public, or otherwise be disclosed or disseminated beyond the extent necessary for purposes of this action.

Accordingly, the Parties stipulate to and this Court orders the following procedures for protecting confidential and proprietary information:

**A.     Definitions**

1.     For purposes of this Protective Order, CONFIDENTIAL INFORMATION means any Document (as defined below) and transcripts of oral testimony or recorded statements, or any portion thereof, which is designated by any Party as confidential because it contains confidential information, trade secrets or other confidential research, development, or commercial information as those terms are used in Rule 26(c)(1)(G), or contains personal, private, and confidential information of individuals.  By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in Documents, portions of Documents, electronic files, transcripts, answers to interrogatories, briefs, summaries, notes, abstracts, motions, drawings and any instrument, which comprises, embodies or summarizes matter that any Party considers confidential and desires not to be made public.

2.     The term "Documents" shall mean and include, but not be limited to:  (a) any electronically stored information, data, documents, files, programs, emails, and other electronic communications, regardless of format; (b) printed matter and other writings, including letters, correspondence, memoranda, bulletins, circulars, catalogs, publications, interoffice and/or intra-corporate communications, minutes, telegrams, statements, cancelled checks, emails, contracts, invoices, drafts, maps, charts, specifications, guidelines, manuals, books of accounts, work

sheets, notes of conversations, desk diaries, appointment books, expense accounts; sketches, drawings, notes, blueprints, disclosures, data, reports, work assignments, instructions, and compilations from which information can be obtained and translated; and (c) other tangible things, including, photographs, motion pictures, videotapes, and models.

**B.      Designation of Information**

3.      If any Party intends to produce Documents, provide discovery responses or testimony that the producing Party deems to contain or include CONFIDENTIAL INFORMATION and wishes such Document, discovery responses, or testimony to be subject to this Protective Order, the producing Party shall designate confidentiality by marking the Documents, testimony, or discovery responses "CONFIDENTIAL" at the time it is provided to the receiving Party.  Any copy made of such Documents or other materials shall also bear on its face the legend "CONFIDENTIAL."  Such designation shall be made only upon the designating Party's good faith and well founded belief that the material constitutes CONFIDENTIAL INFORMATION as defined above.

4.      Any Party may also designate particularly sensitive Documents and other information as "CONFIDENTIAL FOR ATTORNEYS' EYES ONLY" by so marking or designating it in good faith.  All Documents or information designated "CONFIDENTIAL FOR ATTORNEYS' EYES ONLY" are included within the meaning of "CONFIDENTIAL INFORMATION" as used in this Protective Order and, except as otherwise provided herein, all provisions set forth in this Protective Order applicable to "CONFIDENTIAL INFORMATION" also apply to Documents or information designated "CONFIDENTIAL FOR ATTORNEYS'

EYES ONLY," except that "CONFIDENTIAL FOR ATTORNEYS' EYES ONLY" Documents and information shall not be shown, disclosed, or communicated by the receiving Party in any way to anyone other than those persons described in paragraph 7(i) herein.  Such designation shall be made only upon the designating Party's good faith and well founded belief that the information constitutes highly sensitive financial information, trade secrets or other highly confidential proprietary or personal information.

     5.    Whenever a deposition taken on behalf of any Party hereto involves a disclosure of CONFIDENTIAL INFORMATION of another Party, the following procedure shall be implemented:

    (a)    During the deposition, counsel for the Party whose CONFIDENTIAL INFORMATION is subject to disclosure may state that the testimony is CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS EYES ONLY and advise all persons present that the information is subject to this Protective Order.  Only those persons authorized to receive disclosures of such CONFIDENTIAL INFORMATION as provided in paragraphs 4, 7, and 8 hereof shall be permitted to listen to or read testimony so designated.

    (b)    If a designation of CONFIDENTIAL INFORMATION is not made during a deposition, a Party may designate the deposition or parts thereof as CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS EYES ONLY by written notice to the other Party and the court reporter within thirty (30) days of the receipt of the deposition transcript.  All persons with copies of the deposition

transcript shall then mark their copies with the above legend. If a Party or its counsel discloses any deposition transcripts that are subsequently designated as CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS EYES ONLY in accordance with this provision, then such Party and counsel shall make all reasonable and good faith efforts to recover the disclosed CONFIDENTIAL INFORMATION and protect it under the terms of this Protective Order.

6. In the event that any Documents that have been designated CONFIDENTIAL or CONFIDENTIAL ATTONREYS' EYES ONLY are included with or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the clerk of the court, such Documents and related materials shall be filed Pursuant to D.C.Colo.LCivR 7.2 to restrict access to such Documents and materials.

C. **Use of CONFIDENTIAL INFORMATION**

7. All material produced by any Party pursuant to pretrial discovery in this action that is designated by the producing Party as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, including any summaries, abstracts or other Documents derived in whole or in part from such Documents, shall be maintained in confidence according to the terms of this Protective Order by the receiving Party and used solely in the preparation, prosecution, settlement, or trial of this action. Subject to the provisions of paragraphs 7 and 8 hereof, CONFIDENTIAL INFORMATION shall only be disclosed by the receiving Party to:

> (a) the Party who designated the Document or materials as CONFIDENTIAL;

(b)     a current employee or other representative of a Party who designated the Document or materials as CONFIDENTIAL and who is authorized by such designating Party to receive the CONFIDENTIAL INFORMATION;

(c)     a person or non-Party entity that authored or received the item prior to its production in this litigation;

(d)     outside or in-house counsel of record for either Party (including stenographic, clerical and paralegal employees of outside counsel) and outside companies engaged by them such as independent copying companies, temporary services, etc.;

(e)     the Court and its officers;

(f)     outside independent experts and consultants;

(g)     court reporters used during the course of this litigation;

(h)     employees of the receiving Party only on a need to know basis for the sole purpose of this litigation; and

(i)     Documents and materials designated as CONFIDENTIAL FOR ATTORNEYS' EYES ONLY shall be disclosed only to those persons designated in subparagraphs (a), (b), (c), (d), (e), (f), and (g) above.

**D.     Right to Object to Designation**

8.     The receipt of any Document or other materials designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY by a Party shall not be construed as an agreement by any other Party that any such Document or other materials are in fact confidential,

and shall not operate as a waiver of any Party's right to challenge any such designation as provided herein.

9.  The Parties shall act in good faith in designating information and materials as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY.  A Party may object to the designation of particular CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information by giving written notice to the Party designating the disputed information.  Any objection to the designation shall be reasonable and in good faith, and the written notice shall identify with reasonable particularity the information to which the objection is made.  If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is filed within thirty (30) days after the Parties were unable to resolve the designation dispute, the disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court rules on the motion.  If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY in accordance with this Protective Order.  In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY shall

bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY.

10. No Party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY and a failure to do so shall not preclude a subsequent challenge to such status. The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY shall rest on the designating Party.

### E. Information Inadvertently Disclosed

11. If a producing Party inadvertently discloses to receiving Party any Document or other materials containing information that the producing Party deems confidential without designating it as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, the producing Party shall upon discovery of such inadvertent disclosure promptly inform the receiving Party in writing that Documents should be marked as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY and the receiving Party shall thereafter treat the Document and other materials as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY under this Protective Order. Notice given within, at least, thirty (30) days after discovery of the inadvertent disclosure shall be considered prompt notice. To the extent such Document or other materials may have been disclosed to persons other than authorized persons described in this Protective Order, the receiving Party shall make every reasonable effort to retrieve the

Document or other materials promptly from such persons and to limit any further disclosure to unauthorized persons.

**F.     Privileged Materials**

12.     Nothing in this Protective Order shall be construed to require the disclosure of material that is protected from disclosure by the attorney-client privilege or the attorney work product doctrine and shall not operate as a waiver of any Party's obligation to prove and/or support any such designation as provided herein.

13.     If a producing Party inadvertently discloses to receiving Party information that is privileged or otherwise immune from discovery, said producing Party shall so advise the receiving Party within ten (10) days of discovery of such disclosure in writing and request that the item or items of information be returned, and no Party to this action shall thereafter assert that such inadvertent disclosure waived any privilege or immunity.  It is further agreed that the receiving Party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of receiving a written request for the return of such item or items of information.  The Party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such Documents in accordance with the Federal Rules of Civil Procedure.

**G.     Termination of Litigation or Settlement**

14.     Within ninety (90) days of the conclusion or final settlement of this litigation and any appeal thereof, all persons subject to the terms hereof shall destroy or assemble and return to the Party who produced the Documents or other materials designated as CONFIDENTIAL or

CONFIDENTIAL ATTORNEYS' EYES ONLY, all such Documents and other materials including depositions and deposition exhibits, and shall **destroy** any outlines, summaries, abstracts, compilations, memoranda, Documents and the like, which constitute, embody, contain, or disclose the contents of any CONFIDENTIAL INFORMATION; **except** that Counsel for the Parties may retain one or more archival copies of materials that they believe are required to satisfy their ethical obligations to retain client- or case-related materials, including, copies of court filings, deposition and trial transcripts (including copies of exhibits thereto), attorney notes and other work product, provided all such retained materials remain subject to this Protective Order.

### H.    Additional Protection of CONFIDENTIAL INFORMATION

15.    Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of Documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder, provided that no such relief shall be granted once this case has been finally disposed of through settlement or final judgment with no further right of appeal.

### I.    Obligations of Parties

16.    Each of the Parties and their counsel of record undertakes to abide by and be bound by the provisions of this Protective Order and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

17.     Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any Documents, things, or information designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, provided that such rendering of advice or opinions shall not unnecessarily reveal the content of such information except pursuant to this agreement or other prior written agreement with opposing counsel.

**ORDERED THIS** 7th day of July, 2014.

_____

Magistrate Judge Kathleen M. Tafoya

Respectfully submitted this 7th day of July, 2014 by:

| /s/ Juliet A. Cox | /s/ Thomas P. Howard |
|---|---|
| Juliet A. Cox | Thomas P. Howard, Esq. |
| KUTAK ROCK LLP | THOMAS P. HOWARD, LLC |
| 1010 Grand Boulevard, Suite 500 | 842 W. South Boulder Rd., Suite 200 |
| Kansas City, MO  64106 | Louisville, CO  80027 |
| (816) 960-0090 Telephone | (303) 665-9845 Telephone |
| (816) 960-0041 Facsimile | (303) 665-9847 Facsimile |
| juliet.cox@kutakrock.com | thoward@thowardlaw.com |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANTS |

## CERTIFICATE OF SERVICE

  I hereby certify that on July 7, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Thomas P. Howard, Esq.
THOMAS P. HOWARD, LLC
842 W. South Boulder Rd., Suite 200
Louisville, CO  80027
thoward@thowardlaw.com
*Attorneys for Defendants*

              s/ Juliet A. Cox
              ATTORNEYS FOR PLAINTIFF